IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| TANISHA JACKSON, et. al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 05-6056-CV-SJ-ODS |
| ) | |
| VANGUARD AIRLINES, ) | |
| ) | |
| Defendant. ) | |

**ORDER & OPINION GRANTING DEFENDANT'S MOTION TO DISMISS**

This lawsuit commenced in this court on June 5, 2005. Plaintiffs alleged violations of 42 U.S.C. § 2000a(b)(2) and pendent claims under the Missouri Human Rights Act, R.S.Mo. § 213.065 as well as violations of 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution. Defendant filed its motion to dismiss on January 24, 2006, and Plaintiffs responded on February 10, 2006. On February 22, 2006, Defendant filed its reply to Plaintiffs' response. The federal claims are dismissed for failure to state a claim, and all pendent claims are dismissed without prejudice.

I. BACKGROUND

In ruling on its motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the plaintiff." Schaller Telephone Co. v. Golden Sky Systems, Inc., 298 F.3d 736, 740 (8th Cir. 2002). The following facts are gleaned from Plaintiffs' complaint. Plaintiffs were passengers on a Vanguard Airlines flight from Atlanta, Georgia to Kansas City, Missouri on March 19, 2002. A flight attendant, identified by Plaintiffs only as "Joyce," refused Plaintiff Tenisha Jackson's request for a pillow, while granting the same request for another Caucasian passenger. When Ms. Jackson again asked Joyce for a pillow, Ms. Jackson was told to "Get it yourself." Complaint, ¶ 21. When Ms. Jackson retrieved a pillow from the overhead compartment she was unable to close the door. Joyce responded by closing the door in a "loud and obnoxious manner." Id. ¶ 22.

When Plaintiffs later questioned Joyce about being excluded from the in-flight

beverage service, Joyce informed them that "they would be served when she got to it." Id. ¶ 24. Plaintiffs reported the problem to the supervising flight attendant, identified by Plaintiffs only as "Linda." Id. ¶ 25. When Linda spoke to Joyce about offering Plaintiffs beverage service, Joyce "looked at the [plaintiffs] and said in a loud voice, 'I am so tired of those uppity Niggers.'" Id. ¶ 26. At no time during the flight did Plaintiffs receive beverage service. Id. ¶ 27.

In Count I, Plaintiffs assert violations of 42 U.S.C. § 2000a(b)(2) and pendent claims under the Missouri Human Rights Act, R.S.Mo. § 213.065. Specifically, Count I asserts that Plaintiffs were denied "free and equal access to public accommodations based on Plaintiffs' race." Complaint, ¶ 45. Though not expressly included in Count I, Plaintiffs also assert violations of 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution. Id. ¶ 11. For ease of discussion, all Plaintiffs' civil rights claims will be treated under Count I. Count II asserts a state law negligent employment claim which alleges that "Defendant negligently employed a person, specifically Joyce (last name unknown), whose racial bias caused Plaintiffs emotional harm and public humiliation." Id. ¶ 46.

## II. DISCUSSION

### A. Standard

Defendant's motion to dismiss for failure to state a claim should be granted "unless it appears beyond doubt that the plaintiff can not prove any set of facts in support of [their] claim that would entitle [them] to relief." Schaller Telephone Co., 298 F.3d at 740.

### B. Plaintiffs' Civil Rights Claims

#### i. 42 U.S.C. § 2000a Claims

This court concludes that Plaintiffs failed to state a claim under this section. 42 U.S.C. § 2000a(a) mandates that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." Plaintiffs claim that the Vanguard airplane where the alleged discrimination

2

occurred is a "place of public accommodation" as described by 42 U.S.C. § 2000a(b)(2). Complaint, ¶ 10. Under that subsection, a place of public accommodation is described as a "restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises." 42 U.S.C. § 2000a(b)(2). Neither airplanes nor any other common carrier is expressly mentioned in this subsection or any other subsection of this statute. Rather, the focus of (b)(2) is upon facilities "principally engaged in selling food for consumption on the premises." Vanguard is in the transportation business, not the food service industry. Any food sales are ancillary to Vanguard's transportation business.

As aptly stated by another district court, "[a]mong the four categories of places of public accommodation provided by Title II-places of lodging, places of eating, places of entertainment, and establishments located within or surrounding these other three types of premises-none even remotely resembles an airline, or indeed any other vehicle or mode of transportation." Kalantar v. Lufthansa German Airlines, 402 F.Supp.2d 130, 139 (D.D.C. 2005) (citing Huggar v. Northwest Airlines, Inc., No. 98 C 594, 1999 WL 59841, at *3 (N.D. Ill. Jan. 27, 1999) (concluding that "Congress did not intend to include aircraft within the meaning of a place of public accommodation.")). A plain reading of the statutory language cited by Plaintiffs makes clear that discrimination inflicted upon Plaintiffs did not occur within a place of public accommodation. Therefore, Defendants motion to dismiss Plaintiffs' 42 U.S.C. § 2000a claim is granted.

### ii. 42 U.S.C. § 1983 Claims

Defendant cites two grounds for dismissing Plaintiffs' §1983 claim. First, that the statute of limitations has expired. Second, that there is no state action present in the facts alleged. Defendant's assertion that the statute of limitations has expired is incorrect. Wilson v. Garcia, 471 U.S. 261, 276 (1985) (holding that "§1983 claims are best characterized as personal injury actions" and therefore courts must apply the state statute of limitations for personal injury actions) and Sulik v. Taney County, Mo., 393 F.3d 765, 767 (8th Cir. 2005) (applying Missouri's five-year statute of limitations for personal injury actions, Mo. Rev. Stat. § 516.120(4), to Plaintiff's §1983 claims). As to the matter of state action under §1983, the ultimate question this court must answer is

3

whether the conduct of Vanguard's Flight Attendants may be "fairly attributable to the state." Lugar v. Edmondson Oil. Co., 457 U.S. 922, 937 (1982).

Plaintiffs argue that in response to attacks of September 11, 2001 the "sweeping changes" in airline regulations have so elevated the status of cabin crews that the alleged discriminatory behavior committed by Vanguard's flight attendant constitutes state action for the purposes of §1983. Plaintiffs' Suggestions in Opposition (Doc. # 16), p. 2. The essence of Plaintiffs' argument is that government regulation of the airline industry imputes the power of the state to Vanguard. This argument must fail.

The Supreme Court has declared that "[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State ... [even though] the regulation is extensive and detailed." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 350 (1974). In Jackson, the Supreme Court held that when a government-regulated, privately-owned utility company that was granted partial monopoly status, terminated the service of an African American woman, the company's conduct was not attributable to the state. 419 U.S. 345, 358 (1974). In another case, the Court rejected the argument that because the Pennsylvania Liquor Control Board licensed a private club to sell liquor, that the club's discrimination against an African American patron based upon his race amounted to state action. Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 176-77 (1972).

The discriminatory conduct alleged by Plaintiffs in this case is certainly egregious, but, "[r]acial discrimination, although repugnant in all contexts, violates the Constitution only when it is attributable to state action." Georgia v. McCollum, 505 U.S. 42, 50 (1992). Vanguard Airlines, though subject to regulation by the FAA, is a private corporation. The alleged discriminatory conduct of Joyce while delivering in-flight service may not be fairly attributed to the state. Based upon the foregoing, Defendant's motion to dismiss Plaintiffs' §1983 claim is granted.[1]

Plaintiffs' § 1983 claim is inappropriate for another reason. The scope of § 1983

---

[1]As a side note, Plaintiffs may find relief under 42 U.S.C. § 1981, however, the court expresses no opinion as to the merits or timeliness of such a claim.

4

is limited to "those deprivations of [federal] rights that are accomplished under the color of the law of 'any *State* or Territory.'" District of Columbia v. Carter, 409 U.S. 418, 424 (1973) (emphasis added). On its face, § 1983 does not provide a claim for private action taken under the color of federal law. Therefore, Plaintiffs incorrectly relied upon FAA and federal statutory regulation of the airline industry as the basis for its state action argument.

### III. CONCLUSION

The federal claims included in Counts I and II are dismissed for failure to state a claim. Furthermore, there is no diversity of citizenship between the parties. Complaint, ¶ 1-9. The remaining state court claims are dismissed without prejudice.

IT IS SO ORDERED.

/s/_____
ORTRIE D. SMITH, JUDGE
DATE: April 13, 2006           UNITED STATES DISTRICT COURT

5